## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | ) | |
| c/o Law Offices of Schrom & Shaffer | ) | |
| 4 West Front Street | ) | |
| Media, PA 19063 | ) | |
| | ) | Civil No.:_____ |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| THOMAS MEGLESS, | ) | |
| Upper Merion Area School District | ) | |
| 435 Crossfield Road | ) | |
| King of Prussia, PA 19406; and | ) | JURY TRIAL DEMANDED |
| | ) | |
| RONALD M. FONOCK, | ) | |
| Upper Merion Township | ) | |
| Township Building | ) | |
| 175 West Valley Forge Road | ) | |
| King of Prussia, PA 19406; and | ) | |
| | ) | |
| UPPER MERION AREA SCHOOL DISTRICT | ) | |
| 435 Crossfield Road | ) | |
| King of Prussia, PA 19406; and | ) | |
| | ) | |
| UPPER MERION AREA SCHOOL DISTRICT | ) | |
| BOARD OF DIRECTORS | ) | |
| 435 Crossfield Road | ) | |
| King of Prussia, PA 19406; and | ) | |
| | ) | |
| UPPER MERION TOWNSHIP | ) | |
| 175 West Valley Forge Road | ) | |
| King of Prussia, PA 19406 | ) | |
| | ) | |
| Defendants. | ) | |

## **COMPLAINT**

## I. __PRELIMINARY STATEMENT OF THE CASE__

1.  This is a civil rights action brought by plaintiff, John Doe, under 42 U.S.C. § 1983 against Upper Merion Township ("Township" or "Upper Merion Township", Upper Merion Area School District ("School District" or "Upper Merion Area School District"), Upper Merion Area School District Board of Directors ("School Board" or "Upper Merion Area School Board"),  Thomas Megless, Township School Safety Director in his individual capacity, and Ronald M. Fonock, Chief of Police of Upper Merion Township in his individual capacity.  Plaintiff alleges that these officials individually deprived plaintiff of his right of freedom of movement and his right to privacy of personal information, including but not limited to Pennsylvania Department of Transportation ("DOT") records including his home address, photographic likeness, date of birth, Pennsylvania drivers license and Pennsylvania vehicle registration information by, indiscriminately and without cause, disseminating his personal information by means of emails along with false accusations, inferences and innuendo that plaintiff did or was likely to engage in pedophiliac-like behavior.  The email also urged those to whom the email was directed, and by direct implication anyone thereafter given access to it, to stop and detain plaintiff on sight or engage in the investigation of plaintiff's movements, habits, personal information and Constitutionally protected personal and private business.  Plaintiff alleges that the individual defendants together entered into a conspiracy to deprive plaintiff of his rights of free movement and privacy.  In addition, plaintiff brings an action against defendants, Township, School District and School Board for failure to train, supervise and discipline its agents,

defendants Megless and Fonock, in association with their unconstitutional and criminal behavior in this matter.

2.  Plaintiff also brings additional actions for damages pursuant to 18 U.S.C. § 1030, the federal Computer Fraud and Abuse Act and asks for declaratory and injunctive action pursuant to 42 U.S.C. § 1983, 28 U.S.C. §§ 2201, 2002 and 18 U.S.C. § 1030 against the School District, School Board, Upper Merion Township, Thomas Megless, and Ronald M. Fonock, to disgorge and strike from all computer databases under their control all files containing the offending email and its attachments, and to prohibit the further publication, dissemination or display of any such material.

## II.  **JURISDICTION AND VENUE**

3.  This court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1343, over the Federal Civil Rights Claims brought under 42 U.S.C. § 1983 and for declaratory relief under Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201, 2002, 42 U.S.C. § 1983 and 28 U.S.C. § 1030.

4.  Venue is proper under 28 U.S.C. § 1391 (b) as all of the causes of action upon which the complaint is based arose in Montgomery County, Pennsylvania, which is in the Eastern District of Pennsylvania and all parties are citizens of Montgomery County, Pennsylvania.

## III.  **PARTIES**

5.  Plaintiff, John Doe, is a citizen of the United States of America and resides in Upper Merion Township, Pennsylvania in the Commonwealth of Pennsylvania. He may be contacted through his attorneys of record.

6.  Defendant  Thomas Megless, was at all times relevant herein was an employee of defendant, Upper Merion Township, and/or Upper Merion Area School District and/or Upper Merion Area School Board of Directors" whose title was at all time relevant hereto District Safety Officer of the Upper Merion Area School District.  Upon information and belief, defendant Megless is a resident of the Commonwealth of Pennsylvania but his current residential address is presently unknown.  His employment address is 435 Crossfield Road King of Prussia, PA 19406.  He is sued in his individual capacity as to all counts other than than Count IX pursuant to  42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2002  and 18 U.S.C. 1030, et seq. wherein he is sued both in his individual and official capacities, and at all times relevant herein acted under color of law.

7.  Defendant, Ronald M. Fonock, was at all times relevant herein was an employee of defendant, Upper Merion Township, whose title was at all time relevant hereto Chief of Police.  Upon information and belief, defendant Fonock is a resident of the Commonwealth of Pennsylvania but his current residential address is presently unknown.  Upon information and belief, his employment address is 175 West Valley Forge Road, King of Prussia, PA 19406.  He is sued in his individual capacity as to all counts other than than Count IX pursuant to  42 U.S.C. § 1983 and 28 U.S.C. §§ 2201, 2002  and 18 U.S.C. 1030, et seq. wherein he is sued both in his individual and official capacities, and at all times relevant herein acted under color of law.

8.  Defendant, Upper Merion Area School District, is a public entity and taxing authority providing educational services to children residing in the district, and maintaining offices at 435 Crossfield Road. King of Prussia, PA 19406.

4

9.  Defendant, Upper Merion Area School District Board of Directors is comprised of an eight (8) member board elected locally to act as a corporate body in fulfilling the School District's and Commonwealth of Pennsylvania's obligation to provide public education. Upon information and belief, the School Board maintains offices at 435 Crossfield Road. King of Prussia, PA 19406.

10.  Defendant, Upper Merion Township, is a Pennsylvania Municipal Corporation organized under the Pensylvania Municipality Authorities Act of 1945 as amended and supplemented (53 P.S. § 301 et seq.) as a Sccond-Class Township.

## IV.   ALLEGATIONS COMMON TO ALL CAUSES

11.  At some point in time on or prior to March 11, 2008, defendant Megless, identifying himself as "District Safety Officer [of] Upper Merion School District" and defendant Fonock, prepared an email containing the following language:  ***"This information was sent by the Upper Merion Police Department, [sic] please look at the enclosed flyer and if you see this person in or around the district schools, please contact the police at (610) 265-3232.  Thanks.***"

12.  The email attachment, identified therein as a "flyer" contained a publication displaying the words "Upper Merion Police" accompanied by the official seal of that agency. Below the seal appears the following text in large-size font:

**EXTRA PATROLS AROUND SCHOOLS**
**SUSPICIOUS PERSON**

Immediately below these words and filling the remainder of the page, appear the name, date of birth, vehicle type, vehicle license number and driver operator license number of plaintiff

and presumed address of John Doe. Below this information appear a series of four Pennsylvania Department of Transportation drivers license photographs of the plaintiff taken in conjunction with past and current Pennsylvania drivers license records.

13.   The following language appeared below the photographs: ***"[John] has been known to hang around schools in Upper Merion and other townships.  He has not approached any kids at this point.  [John]'s mental status is unknown.   <u>If seen stop and investigate</u>."*** (Emphasis added),

14.   Defendants Megless and Fonock caused the email and email attachment and other as yet unknown communications (collectively referred to hereafter as the "email") described above to be sent and distributed unsolicited and in an indiscriminate fashion to persons whose email addresses were contained in an email address database maintained by Megless and/or Fonock and/or the Upper Merion School District and/or School Board, and/or the Upper Merion Police Department and/or other Upper Merion Township administrative offices or administrative personnel.

15.   Upon information and belief, these email lists contained the email contact information of both public officials and private citizens living and/or working in Upper Merion Township and in other locales outside Upper Merion Township.

16.   Upon information and belief, the email is still contained in one or more of the computer records and/or databases maintained by the Township or its agencies or offices including but not limited to Upper Merion School District, School Board and the Upper Merion Police Department and are still being and/or are capable of being immediately

redistributed at any time by the defendants herein or others within the Township administration.

17.  The clear and evident purpose of the email is to characterize John Doe as a pedophile who is or may be mentally unstable and who is capable of inflicting harm upon children and/or inflicting harm upon others without provocation and in violation of the Pennsylvania Crimes Code.

18.  The clear and evident purpose of the email was to lead all persons to whom it was sent to believe that they had the authority, derived from the police power vested in Upper Merion Township and its officials, to stop and/or detain John Doe on sight by whatever means necessary.

19.  The clear and evident purpose of the email was to lead all persons to whom it was sent to believe that they had the authority, derived from the police power vested in Upper Merion Township and its officials, to undertake a private investigation of John Doe's personal habits, place of residence, place of employment and any and all information related to the private business and personal life of John Doe.

20.  John Doe is not a pedophile as suggested clearly by the email, whether used to describe a psychological type or profile or to describe one engaged in a particular type of criminal behavior.

21.  John Doe is not mentally unstable, as suggested by the email, whether that characterization is used to describe a psychological type or profile or to describe one who has actual or inchoate criminal tendencies.

22.  John Doe has never been arrested for or convicted of any crime as implied by the language of the email and email attachment at issue.

23.  At no time prior to or following the publication of the email did defendants have sufficient information to support a legal finding that there existed at any time either reasonable suspicion or probable cause as those terms are used in Fourth Amendment jurisprudence to believe that John Doe had committed or intended to commit any crime involving an element or elements of prohibited sexual behavior, or any other crime.

24.  John Doe resides and has resided in Upper Merion Township at various times for at least 25 years.  Members of his family reside in Upper Merion Township.  He attended the public schools in that Township and is known by many of the residents of that Township.

25.  John Doe was initially notified of the existence of the email and of its indiscriminate distribution on or about April 1, 2008 by one of his siblings, who was among those persons receiving the unsolicited email.

26.  Soon after learning of the indiscriminate dissemination of the email by defendants, John Doe learned that others who knew him or had known of him in the past had received copies of the email.

27.  By undertaking a mass-notification strategy to publicize the name and likeness of John Doe along with the strong suggestion that John Doe might have been or was prone to commit crimes of sexual predation and/or crimes of violence to persons who live and work in Upper Merion Township, the defendants, both individually and collectively, intended John Doe to learn that he was the subject of public scrutiny, vilification and  revulsion or acted recklessly or with deliberate indifference to those consequences of their actions.

28.  Defendants both individually and collectively by their actions intended by intimidation to prevent and/or limit plaintiff, John Doe's, free appearance and movement in all public places within the Township and its environs and to deprive plaintiff of free access to  the streets, walkways, public transportation facilities, places of business, places of government and other places otherwise freely used by and open to the public at large within Upper Merion Township for fear of experiencing public scrutiny, vilification, and unreasonable detention and/or arrest or acted recklessly or with deliberate indifference to the to consequences of those actions.

29.  As a direct and proximate result of the actions of the defendants both individually and together, plaintiff has in fact, since his discovery of the emails, been caused to be put  in great apprehension of appearing in any public place within Upper Merion Township and its environs, for fear of attracting unwarranted public hostility, unwarranted public attention, unwarranted summary detention and/or unlawful arrest.

30.  Since learning of the contents and publication of the email and attached flyer, plaintiff has refrained from and/or deterred and/or  has been caused to be in constant apprehension of the use of and appearance in the streets, walkways, public transportation facilities, places of business, places of government and other places otherwise freely used by and open to the public at large within Upper Merion Township, where he maintains a residence, and within areas proximate to Upper Merion Township.

## V.  CLAIMS

### A.  FEDERAL CLAIMS

#### COUNT I

**Doe v. Megless**
**42 USC § 1983:  Deprivation of Freedom of Movement**

31.  Plaintiff incorporates by reference paragraphs 1 – 30 as if fully set forth herein.

32.  Defendant Megless knew or reasonably should have known that the publication of the email was likely to cause plaintiff to restrict, curtail, interfere with and otherwise burden plaintiff's movements in and around the Township of Upper Merion, including the use of its streets, walkways, public transportation facilities, places of business and government and other places otherwise freely used by and open to the public at large.

33.  Defendant Megless, acting in his individual capacity as Safety Officer of the Upper Merion Area School District and/or  Upper Merion Township, intentionally, recklessly or with deliberate indifference to the consequences of his actions violated, interfered with and burdened without right, authority or cause to do so plaintiff's First Amendment right to move in and around the Township of Upper Merion, and to his free and unfettered access to the streets, walkways, public transportation facilities, places of business and offices of government and other places otherwise freely used by and open to the public at large.

34.  The actions of defendant Megless in publishing plaintiff's personal information without reasonable suspicion or probable cause sufficient to justify his identification of plaintiff as a potential or actual sexual offender was unconscionable and without legal justification.  As a public official exercising a public trust, his actions as more fully described above were an abuse of his official power, and were unacceptable and under any set of contemporary standards of personal or professional behavior.

10

35.  The actions of defendant Megless described above are not relevant to any legitimate governmental purpose.

36.  Defendant Megless' violations of plaintiff's First Amendment rights also constitutes a violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

37. As a direct and proximate result of the aforementioned actions of the defendant Megless, as more fully set forth above, plaintiff has suffered severe stress, severe anxiety, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff asks judgment against defendants for damages in an amount to be determined at trial, punitive damages, costs of suit, prejudgment and post judgment interest; attorney's fees to the extent allowed by law; and all other relief the Court deems appropriate.

## COUNT II

### Doe v. Fonock
### 42 USC § 1983:  Deprivation of Freedom of Movement

38.  Plaintiff incorporates by reference paragraphs 1 – 37 as if fully set forth herein.

39.  Defendant Fonock  knew or reasonably should have known that the publication of the email was likely to cause plaintiff to restrict, curtail, interfere with and otherwise burden plaintiff's movements in and around the Township of Upper Merion, including the use of its streets, walkways, public transportation facilities, places of business and government and other places otherwise freely used by and open to the public at large.

40.  Defendant Fonock, acting in his individual capacity as Chief of Police of Upper Merion Township, intentionally, recklessly or with deliberate indifference to the

11

consequences of his actions violated, interfered with and burdened without right, authority or cause to do so plaintiff's First Amendment right to move in and around the Township of Upper Merion, upon or within or about its streets, walkways, public transportation facilities, and places of business and offices of government and other places otherwise freely used by and open to the public at large.

41.   The actions of defendant Fonock in publishing plaintiff's personal information without reasonable suspicion or probable cause sufficient to justify his identification of plaintiff as a potential or actual sexual offender was unconscionable and without legal or moral justification.  As a public official exercising a public trust, his actions as more fully described above were an abuse of his official power, and were unacceptable and under any set of contemporary standards of personal or professional behavior.

42.   The actions of defendant Fonock described above are not relevant to any legitimate governmental purpose.

43.   Defendant Fonock's violations of plaintiff's  First Amendment rights  also constitute violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

44.   As a direct and proximate result of the aforementioned actions of the defendant Fonock, plaintiff  has suffered severe stress, severe anxiety, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff, asks judgment against defendants for damages in an amount to be determined at trial, punitive damages, costs of suit, prejudgment and post judgment interest; attorney's fees to the extent allowed by law; and all other relief the Court deems appropriate.

## COUNT III

### Doe v. Fonock
### 42 USC § 1983:  Violation of Fourth Fourteenth Amendment Rights
### Illegal Seizure and Violation of Right to Privacy

45.  Plaintiff incorporates by reference paragraphs 1 – 44 as if fully set forth herein.

46.  Under Pennsylvania Law, 75 Pa.C.S. § 6114, no person may take or publish, without authorization, information contained in the driving records of any person maintained by the Pennsylvania Department of Transportation ("DOT").  Under 18 U.S.C. § 2701, (the federal "Stored Communications Act") 18 U.S.C. § 1030 (the federal "Computer Fraud and Abuse Act") a person who enters without authority or exceeds his authority in accessing an electronic communications service or secure protected computer as those terms are defined respectively in the federal laws cited and removes without authorization data therefrom engages in an illegal seizure of that data.

47.  Upon information and belief, on or before March 11, 2008, defendant Fonock unlawfully and without authorization and in violation of 75 Pa.C.S. § 6114, 18 U.S.C. §§ 2701 and 1030 copied and took plaintiff's driving records  through his access to an electronic communications service which was a repository of data belonging to or maintained by the DOT, seized or caused to be seized plaintiff's DOT records, or aided and assisted others in the seizure of such records, or knew of and condoned the seizure of such records.

48. On March 11, 2008, defendant Fonock, in violation of 75 Pa.C.S. § 6114, caused plaintiff's address, drivers license number, Pennsylvania automobile registration information and photographic likeness to be published and circulated indiscriminately to the public at

large and particularly to persons residing and/or working within the community where plaintiff lives.

49.  Defendant Fonock's seizure and publication of plaintiff's drivers license records or his participation in these acts was an illegal seizure and constitutes a violation of plaintiff's Fourth Amendment right to be free of illegal seizure.

50.  Defendant Fonock also violated Plaintiff's Fourteen Amendment substantive due process right to privacy in his home address, photographic likeness and driver registration of vehicle registration information by publishing these elements of plaintiff's driving record and accompanying and associating their publication with allegations unsupported by reasonable suspicion or probable cause that plaintiff could be or was a pedophile and was at risk of committing crimes of sexual predation or physical violence.

51.  Defendant Fonock intended plaintiff to discover the existence of the aforesaid email and to subject him thereby to apprehension of arrest, incarceration, actual or potential public humiliation, condemnation, denunciation and acts of retribution in order to deprive him of the comfort and privacy of his residence, or acted recklessly or with deliberate indifference to those consequences.

52.  The actions of defendant Fonock in seizing and publishing plaintiff's drivers license records were violations of criminal statutes of the Commonwealth of Pennsylvania and the United States.  As a public official exercising a public trust, his criminal actions were an abuse of his official power, and were unacceptable and unconscionable under any set of contemporary standards of personal or professional behavior.

14

53.  The actions of defendant Fonock described above had no relevance to any legitimate governmental purpose.

54.  Defendant Fonock's violations of plaintiff's First, Fourth and Fourteenth Amendment rights also constitute violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

55. As a direct and proximate result of defendant Fonock's actions  as more fully set forth above, plaintiff  has suffered severe stress, severe anxiety, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff, asks judgment against defendants for damages in an amount to be determined at trial, punitive damages, costs of suit, prejudgment and post judgment interest; attorney's fees to the extent allowed by law; and all other relief the Court deems appropriate.

## COUNT IV

### Doe v. Megless
### 42 USC § 1983:  Violation of Right of  Privacy and  Illegal Seizure

56.  Plaintiff incorporates by reference paragraphs 1 – 55 as if fully set forth herein.

57.  Upon information and belief, on or before March 11, 2008, defendant Megless unlawfully and without authorization and in violation of 75 Pa.C.S. § 6114,  18 U.S.C. § 18 U.S.C. § 1030 and 2701 seized plaintiff's DOT records, or aided and assisted others in the seizure of such records, or knew of and condoned the seizure of such records.

58. Upon information and belief, on or before March 11, 2008, defendant Megless unlawfully and without authorization and in violation of 775 Pa.C.S. § 6114,  18 U.S.C. § 18 U.S.C. § 1030 and 2701  copied and took plaintiff's driving records through his access to an

electronic communications service which was a repository of data belonging to or maintained by the DOT, seized or caused to be seized plaintiff's DOT records, or aided and assisted others in the seizure of such records, or knew of and condoned the seizure of such records.

59.  The seizure and publication of plaintiff's drivers license records was an illegal seizure and constitutes a violation of plaintiff's Fourth Amendment right to be free of illegal seizure.

60.  Defendant Megless also violated Plaintiff's Fourteen Amendment substantive due process right to privacy in his home address, photographic likeness and driver registration of vehicle registration information by publishing these elements of plaintiff's driving record and accompanying and associating them with allegations unsupported by reasonable suspicion or probable cause that plaintiff could be or was a pedophiliac and was at risk of committing crimes of sexual predation or physical violence.

61.  Defendant Megless intended plaintiff to discover the existence of the aforesaid email and to subject him thereby to apprehension of arrest, incarceration, actual or potential public humiliation, condemnation, denunciation and acts of retribution in order to deprive him of the comfort and privacy of his residence, or acted recklessly or with deliberate indifference to those consequences.

62.  The actions of defendant Megless in seizing and publishing plaintiff's drivers license records were a direct violation of criminal statutes of the Commonwealth of Pennsylvania and the United States.  As a public official exercising a public trust, his criminal actions were an abuse of his official power, and were unacceptable and

unconscionable under any set of contemporary standards of personal or professional behavior.

63.  The actions of defendant Megless described above had no relevance to any legitimate governmental purpose.

64.  Defendant Megless' violations of plaintiff's First, Fourth and Fourteenth Amendment rights also constitute violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

65. As a direct and proximate result of the defendants' actions as more fully set forth above, plaintiff has suffered severe stress, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff asks judgment against defendant Megless for damages in an amount to be determined at trial, punitive damages, costs of suit, prejudgment and post judgment interest; attorney's fees to the extent allowed by law; and all other relief the Court deems appropriate.

## COUNT V

### Doe v. Megless and Fonock
### 42 USC § 1983:  Conspiracy

66.  Plaintiff incorporates by reference paragraphs 1 – 65 as if fully set forth herein.

67.  Defendants planned, undertook, acquiesced in and participated in the seizure and publication of the email and flyer above to be sent and distributed unsolicited and in an indiscriminate fashion to persons whose email addresses were contained in the email address database maintained by defendant Megless and/or  defendant Fonock and/or the Upper Merion School District, and/or Upper Merion Area School District Board of Directors and/or

the Upper Merion Police Department and/or other Upper Merion Township administrative offices and/or administrative personnel.

68.  Defendants planned, undertook acquiesced in and participated in the publication of the email and flyer above for the purpose of depriving plaintiff, by means of intimidation, of his right to freedom of movement in areas in and about the Township of Upper Merion, and other geographical areas to which the defendants knew or reasonably should have known their publication would be sent and received.

69.  Defendants planned, undertook acquiesced in and participated in the publication of the email and flyer above for the purpose of  illegally depriving plaintiff of his right to privacy in his home address and to be free of unreasonable searches and seizure of his state protected driving records, including photographs of plaintiff, plaintiff's vehicle registration and license plate information, plaintiff's driver's license number, and plaintiff's home address.

70.  The actions of defendants Megless and Fonock in conspiring to seize and publish plaintiff's drivers license records were a direct violation of a criminal statute of the Commonwealth of Pennsylvania.  As a public officials exercising a public trust, their criminal actions were an abuse of official power, and were unacceptable and unconscionable under any set of contemporary standards of personal or professional behavior.

71.  The actions of defendant Megless and Fonock described above are not relevant to any legitimate governmental purpose.

72.  Defendants, Megless' and Fonock's, violations of plaintiff's First, Fourth and Fourteenth Amendment rights also constitute violations of plaintiff's civil rights under 42 U.S.C. § 1983.

73. As a direct and proximate result of the defendants' actions as more fully set forth above which they caused, plaintiff has suffered severe stress, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff, asks judgment against defendants Megless and Fonock for damages in an amount to be determined at trial, punitive damages, costs of suit, prejudgment and post judgment interest; attorney's fees to the extent allowed by law; and all other relief the Court deems appropriate.

## COUNT VI

### Doe v. Megless and Fonock
### Violation of  Computer Fraud and Abuse Act, 28 USC § 1030

74,  Plaintiff incorporates by reference paragraphs 1 – 73 as if fully set forth herein.

75.  On or before March 11, 2008, defendants Megless and Fonock accessed or caused others to access a protected computer within the meaning of 18 U.S.C. § 1030(e)(2)(B) of the Computer Fraud and Abuse Act.

76.  On or before March 11, 2008 defendants Megless and Fonock accessed or caused others to access said computers without authorization or exceeding authorized access, in violation of 18 U.S.C. § 1030(a)(2).

77. On or about March 11, 2008, or prior to that date,  Defendants accessed or caused others to access said computers without authorization or exceeding authorized access, and

obtained information from the DOT computer in violation of 18 U.S.C. § 1030(a)(2)(C) in the form of driving records of plaintiff, including but not limited to presumed address, vehicle type, vehicle license number and driver's license number of plaintiff, John Doe, along with a series of four Pennsylvania Department of Transportation drivers license photographs of the plaintiff taken in conjunction with past and current Pennsylvania drivers license records.

78. Defendants, through their actions in intentionally and knowingly accessing said computers or causing others to access said computers and conspiring to access said computers without authorization or in excess of their authorized access, in violation of 18 U.S.C. § 1030(a)(2)(C) have caused plaintiff harm.

79. Pursuant to 1030(g) plaintiff is entitled to compensatory damages from defendants.

80. In addition to an award of compensatory damages, plaintiff is also entitled to injunctive relief pursuant to 18 U.S.C. § 1030, et seq., restraining and enjoining Defendants and from engaging in such wrongful acts in violation of 18 U.S.C. § 1030, et seq. and such further relief as hereafter set forth herein in Count VIII of this Complaint.

WHEREFORE, Plaintiff, asks judgment against defendants Megless and Fonock for damages in an amount to be determined at trial, punitive damages, costs of suit, prejudgment and post judgment interest; attorney's fees to the extent allowed by law; declaratory and injunctive relief as more fully set forth in the addendum clause in Count IX below; and all other relief the Court deems appropriate.

## COUNT VII

**Doe v. Upper Merion Area School District and**
**Upper Merion Area School District Board of Directors**
**42 U.S.C. § 1983 – Failure to Train, Supervise and Discipline Agents**

81.  Plaintiff incorporates by reference paragraphs 1 – 80 as if fully set forth herein.

82.  At all relevant times herein, defendant Upper Merion Area School District, and/or School Board maliciously, willfully, intentionally, recklessly or with deliberate indifference, deprived plaintiff of known rights and privileges secured by the Constitution of the United States including his rights under the First, Fourth and Fourteen Amendments to the Constitution of the United States as more fully set forth above as more fully set forth above in that they failed to:

(a)  instruct, train or otherwise educate its agents, servants or employees, including defendant Megless, in proper and accepted methods of law enforcement, including school security to refrain from:

(1)  using its electronically and/or computer-based systems and/or mail systems to publish and disseminate to the public unfounded, false and speculative statements characterizing persons residing within or entering its jurisdiction as persons with criminal tendencies.

(2)  using their electronically and/or computer-based systems and/or mail systems to deprive citizens of their right to move about freely within and outside the Township and preventing them from enjoying free and unfettered access to public places, facilities, services and accommodations by use of intimidation by means of publication or dissemination of speculative characterizations of the criminal tendencies of such citizens without reasonable suspicion or probable cause;

(3) using their electronically and/or computer-based systems and/or mail systems to deprive citizens of their right to move about freely with and outside the Township and preventing them, without reasonable suspicion or probable cause to believe they are in violation of the law, from enjoying free and unfettered access to public places, facilities, services and accommodations by publishing information which would put a reasonable person in fear and arrest, confinement and prosecution;

(4) using their electronically and/or computer-based systems and/or mail systems and/or other facilities to obtain private or privileged information from government agencies without authorization in direct violation of the Fourth Amendment to the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania and of the laws of other governmental jurisdictions;

(5) using their electronically and/or computer-based systems and/or mail systems and/or other facilities to disseminate private or privileged information obtained from government agencies without authorization in direct violation of the Fourth and Fourteen Amendments to the United States Constitution and the laws of the Commonwealth of Pennsylvania and of the laws of other governmental jurisdictions;

(6) conspiring or colluding to violate the laws of the United States and the Commonwealth of Pennsylvania and the rights, privileges, and immunities guaranteed to plaintiff by the Constitution and laws of the United States and the laws of the Commonwealth of Pennsylvania.

(b) discipline their agents, servants or employees, including defendant Megless, for:

(1) engaging in improper and unacceptable methods of law enforcement  by acquiring and disseminating private information, as more fully enumerated in subparagraph (a) herein; and

(2)  engaging in improper and unacceptable use of their electronically and/or computer-based systems and/or mail systems and/or other facilities to disseminate private or privileged information obtained from government agencies without authorization in direct violation of the Fourth and Fourteen Amendments to the United States Constitution and the laws of the United States and the Commonwealth of Pennsylvania and of the laws of other governmental  jurisdictions;

(c)  promulgate and enforce procedures and policies:

(1)  limiting the use of and access to their electronically and/or computer-based systems and/or mail systems and/or other facilities in a manner that places restrictions on the handling of personal, privileged and private data and information concerning persons residing within their jurisdiction; and

(2)  enforcing procedures and policies with regard to the proper methods of access to and dissemination of information in the possession of other governmental units, including but not limited to those governmental units created by the laws of the Commonwealth of Pennsylvania.

83.  At all relevant times herein, defendants School District and/or School Board sanctioned, approved of and/or adhered to policies permitting, approving, encouraging, promoting or intentionally failing to discourage the acts of defendant Megless more fully set forth above in:

(a)  his acquisition and publication of private, privileged and legally protected information and data concerning plaintiff, as more fully set forth above; and

(b)  his publication of false and unfounded statements in order to control the free movement of its citizens and their unfettered access to public places, facilities, services and accommodations, as more fully set forth above.

84.  At all relevant times herein, defendants School District and/or School Board, knew or in the exercise of reasonable caution should have known that its failure to adopt policies and procedures for training and supervising its administrative officers posed an unreasonable risk that the constitutional violations recounted above were likely to occur.

85.  Defendants School District and/or School Board, directly or indirectly approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendant Megless heretofore described.

86.  The policies, actions and failure to act described herein, caused plaintiff to be deprived of known rights, privileges, and immunities, without due process of law including but not limited to his right under the First Amendment to move about freely, under the Fourth Amendment to be free of unreasonable search and seizure, and under the Fourth and Fourteenth Amendment to enjoyment of privacy in his address, likeness, telephone number and driving records.

87. The practices of the School District and the School Board described above are not relevant to any legitimate governmental purpose.

88.  The actions of defendant School District and School board in permitting publication or failing to put into place adequate safeguards to prevent its administrative

24

officials, including defendant Megless from publish plaintiff's personal information in the manner alleged herein as more fully described above was unconscionable and without legal or moral justification.  As a public entities exercising a public trust, defendants, School District and School Board's actions or failure to act as more fully described above were an abuse or gross dereliction of the exercise of its powers and functions.

89.  Defendants, School District 's and School Board's violations of plaintiff's First, Fourth and Fourteenth Amendment rights also constitute violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

90.  As a direct and proximate result of the actions of the defendants, School District and School Board, plaintiff has suffered severe stress, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff demands judgment against the Defendants Upper Merion Area School District and Upper Merion School Board of Directors in the amount greater than $75,000.00, in addition to the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT VIII

### Doe v. Upper Merion Township
### 42 U.S.C. § 1983 – Failure to Train, Supervise and Discipline Agents

91.  Plaintiff incorporates by reference paragraphs 1 – 89 as if fully set forth herein.

92.  At all relevant times herein, defendant Township, maliciously, willfully, intentionally, recklessly or with deliberate indifference, deprived plaintiff of known rights and privileges secured by the Constitution of the United States including his rights under the

First, Fourth and Fourteen Amendments to the Constitution of the United States as more fully set forth above in that it failed to:

(a)  instruct, train or otherwise educate its defendants Megless and Fonock, in proper and accepted methods of law enforcement and school security  to refrain from:

(1)  using its electronically and/or computer-based systems and/or mail systems to publish and disseminate to the public unfounded, false and speculative statements characterizing persons residing within or entering its jurisdiction as persons with criminal tendencies.

(2)  using its electronically and/or computer-based systems and/or mail systems to deprive citizens of their right to move about freely within and outside the Township and preventing them from enjoying free and unfettered access to public places, facilities, services and accommodations by use of intimidation by means of publication or dissemination of speculative characterizations of the criminal tendencies of such citizens without reasonable suspicion or probable cause;

(3)  using its electronically and/or computer-based systems and/or mail systems to deprive citizens of their right to move about freely with and outside the Township and preventing them, without reasonable suspicion or probable cause to believe they are in violation of the law, from enjoying free and unfettered access to public places, facilities, services and accommodations by publishing information which would put a reasonable person in fear and arrest, confinement and prosecution;

(4)  using its electronically and/or computer-based systems and/or mail systems and/or other facilities to obtain private or privileged information from government

26

agencies without authorization in direct violation of the Fourth Amendment to the United

States Constitution and the laws of the United States and the Commonwealth of Pennsylvania

and of the laws of other governmental  jurisdictions;

   (5) using its electronically and/or computer-based systems and/or mail

systems and/or other facilities to disseminate private or privileged information obtained from

government agencies without authorization in direct violation of the Fourth and Fourteen

Amendments to the United States Constitution and the laws of the Commonwealth of

Pennsylvania and of the laws of other governmental  jurisdictions;

   (6) conspiring or colluding to violate the laws of the Commonwealth of

Pennsylvania and the rights, privileges, and immunities guaranteed to plaintiff by the

Constitution and laws of the United States and the laws of the Commonwealth of

Pennsylvania.

   (b) discipline defendants Megless and  Fonock, for:

   (1) engaging in improper and unacceptable methods of law enforcement  by

acquiring and disseminating private information, as more fully enumerated in subparagraph

(a) herein; and

   (2)  engaging in improper and unacceptable use of its electronically and/or

computer-based systems and/or mail systems and/or other facilities to disseminate private or

privileged information obtained from government agencies without authorization in direct

violation of the Fourth and Fourteen Amendments to the United States Constitution and the

laws of the Commonwealth of Pennsylvania and of the laws of other governmental

jurisdictions;

(c)  promulgate and enforce procedures and policies:

(1)  limiting the use of and access to its electronically and/or computer-based systems and/or mail systems and/or other facilities in a manner that places restrictions on the handling of personal, privileged and private data and information concerning persons residing within their jurisdiction; and

(2)  concerning the proper methods of access to and dissemination of information in the possession of other governmental units, including but not limited to those governmental units created by the laws of the United States and the Commonwealth of Pennsylvania.

93.  At all relevant times herein, defendant Upper Merion Township sanctioned, approved of and/or adhered to policies permitting, approving, encouraging or intentionally failing to discourage the acts of defendants Megless and Fonock, more fully set forth above in:

(a)  their acquisition and publication of private, privileged and legally protected information and data concerning plaintiff, as more fully set forth above; and

(b)  their publication of false and unfounded statements in order to control the free movement of its citizens and their unfettered access to public places, facilities, services and accommodations, as more fully set forth above.

94.  At all relevant times herein, defendant Upper Merion Township, knew or in the exercise of reasonable caution should have known that its failure to adopt policies and procedures for training and supervising its administrative officers posed an unreasonable risk that the constitutional violations recounted above were likely to occur.

95.  Defendant Upper Merion Township, directly or indirectly approved or ratified the unlawful, deliberate, malicious, reckless, and wanton conduct of defendants Megless and Fonock heretofore described.

96.  The policies, actions and failure to act described herein, caused plaintiff to be deprived of known rights, privileges, and immunities, without due process of law including but not limited to his right under the First Amendment to move about freely, under the Fourth Amendment to be free of unreasonable search and seizure, and under the Fourth and Fourteenth Amendment to enjoyment of privacy in his address, likeness, telephone number and driving records.

97. The practices of the Upper Merion Township described above are not relevant to any legitimate governmental purpose.

98.  The actions of defendant Township in permitting publication or failing to put into place adequate safeguards to prevent its administrative officials from publish plaintiff's personal information in the manner alleged herein as more fully described above was unconscionable and without legal or moral justification.  As a public entity exercising a public trust, defendant Township's actions or failure to act as more fully described above were an abuse or gross dereliction of the exercise of its powers and functions.

99.  Defendant, Upper Merion Township's violations of plaintiff's First, Fourth and Fourteenth Amendment rights also constitute violation of plaintiffs' civil rights under 42 U.S.C. § 1983.

100.  As a direct and proximate result of the actions of the defendant, Township of Upper Merion, plaintiff has suffered severe stress, tension, humiliation, and mental anguish.

WHEREFORE, Plaintiff demands judgment against Upper Merion Township in the amount greater than $75,000.00, in addition to the costs of this action, including attorney's fees, and such other relief deemed to be just and equitable.

## COUNT IX

### Doe v. Megless, Fonock, Upper Merion Area School District, Upper Merion Area School Board of Directors and  Upper Merion Township 42 USC § 1983,  28 U.S.C. §§ 2201, 2002 and 18 U.S.C. § 1030: Declaratory and Injunctive Relief

101.  Plaintiff incorporates by reference paragraphs 1 – 100 as if fully set forth herein.

102.  Upon information and belief, each and every defendant continues to store and maintain the email in question both in electronic and physical form within computer systems and physical storage systems located in Township offices or/or adjunct and/or off-site facilities, including but not limited to home defendants' personal computers and homes and/or other off-site facilities.

103.  Defendants' possession of plaintiff's private information in the email in question constitute an ongoing violation of plaintiff's rights under the First, Fourth and Fourteenth Amendments.

104.  The email or components thereof may be at any time retrieved and/or used in a manner which would further compound the unconstitutional violations of plaintiff's First Amendment freedom to move freely, Fourth Amendment right to be free of illegal seizures and his Fourteenth Amendment right to privacy in his address, telephone number, photographic likeness and other components of his driving record.

105.  Furthermore, defendants' possession of plaintiff's driving record data is illegal and the result of unconstitutional seizure, as it was seized in violation of  75 Pa.C.S. § 6114 and the Fourth Amendment to the Constitution by defendants Megless and/or Fonock and/or other agents of Upper Merion Township.

WHEREFORE, Plaintiff requests that this Court grant the following relief:

1.  Issue a judgment declaring that defendants' possession, maintenance, storage, transmission and/or dissemination, by any means, of the email distributed on March 11, 2008 concerning plaintiff by name or implication or data contained therein including but not limited to information concerning or referencing plaintiff or plaintiff's address, date of birth, telephone number, photographic likeness, driver license number or vehicle license information in any form is illegal and unconstitutional;

2.  Issue a judgment declaring that the email distributed on March 11, 2008 concerning plaintiff or data contained therein including but not limited to information concerning or referencing plaintiff by name or implication or plaintiff's address, date of birth, telephone number, photographic likeness, driver license number or vehicle license information in any form shall be purged and otherwise permanently deleted and eliminated from any and all computer databases, electronic or physical filing or storage systems belonging to, maintained by or otherwise under the control of each of the defendants and their servants, agents or employees;

3.  Issue a temporary restraining order and permanent injunction as to all defendants against the printing, reprinting, creation, re-creation, reconstitution, transmission and/or dissemination of the March 11, 2008 or any data contained therein including any component

31

thereof concerning or referencing plaintiff by name or implication or plaintiff's address, date of birth, telephone number, photographic likeness, driver license number or vehicle license information in any form by defendants and their servants, agents or employees.

RESPECTFULLY SUBMITTED,

SCHROM, SHAFFER & BOTEL

/s/  Gerard K. Schrom (GKS2134)
Gerard K. Schrom, Esquire
PA Attorney I.D.: 39282

/s/  Neil E. Botel (NEB0703)
Neil E. Botel, Esquire
PA Attorney I.D.:84953

Attorneys for Plaintiff,
John Doe
Address: 4 West Front Street
Media, Pennsylvania 19063
610-565-5050 (Phone)
610-565-2980 (Fax)

Date:  March 8, 2010