## IN THE UNITED STATES DISTRICT COURT FOR THE
## EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | CIV. NO.. 2:10-cv-01008 |
| Plaintiff. | ) | |
| v. | ) | |
| | ) | |
| THOMAS MEGLESS, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

### MOTION OF PLAINTIFF, JOHN DOE, TO PROCEED ANONYMOUSLY

COMES NOW, Plaintiff, John Doe, by and through his attorneys of record and requests that this Court permit plaintiff to pursue this action under the pseudonym "John Doe" and in support thereof states as follows:

1. Plaintiff, John Doe, filed the instant action with the Federal District Court of the Eastern District of Pennsylvania pursuant to 42 U.S.C. § 1983 on March 8, 2010 against Thomas Megless, Upper Merion Township Area Schools Director of Safety, Richard Fonock, Upper Merion Township Chief of Police, the Township of Upper Merion, the School District of Upper Merion and the School Board of Upper Merion.   Plaintiff filed an Amended Complaint on May 5, 2010.

2. Plaintiff brings additional actions for damages pursuant to 18 U.S.C. § 1030, the federal Computer Fraud and Abuse Act and asks for declaratory and injunctive action pursuant to 42 U.S.C. § 1983,  28 U.S.C. §§ 2201, 2002 and 18 U.S.C.  § 1030.

3. Plaintiff alleges in his complaint that defendants Megless and Fonock published and disseminated in an indiscriminate fashion the equivalent of a "Wanted" poster by means of email sent through the Township's School District offices, accusing plaintiff of engaging in what they

clearly characterized as pedophile-like.  They also intimated that plaintiff might have violent tendencies.

  4.  The contents of the email criminally reprinted without proper authorization or permission, plaintiff's Pennsylvania Department of Transportation records including his name, birth date, address, drivers license and vehicle registration information along with a set of four pictures of the plaintiff obviously taken in conjunction with prior applications for his Pennsylvania drivers license.

  5.  The email urged those to whom it was directed, and by direct implication anyone thereafter given access to it, to stop and detain plaintiff on sight or engage in the investigation of plaintiff's movements, habits, personal information and Constitutionally protected personal and private business.

  6.  Plaintiff has not revealed his name or the nature of this action to anyone other than his attorney.

  7.  The primary basis upon which the plaintiff seeks to file anonymously is his legitimate fear that revealing his name would likely revive the prejudicial insinuations set forth in the email at issue almost and certainly compound the damage the defendants have already done.

  8.  The public has an interest in protecting members of the community whom government operatives, have accused without factual foundation or due process of committing or having the capacity to commit heinous crimes.

  9.  The public has no particularly strong interest in knowing the plaintiff's identity.  The questions raised in the public pleadings are of sufficient moment to inform the public of the nature of this proceeding and the issues at hand within it.

10. Plaintiff is well aware of the risks associated with his refusal to pursue the matter absent a grant of anonymity, whatever those may be, and accepts them.

11. Plaintiff's complaint does not go beyond the boundaries of seeking constitutional and statutory redress for harms related to that evidence and against persons or entities he believes are or may have been involved in the wrongs alleged.

12. The only "universal level of public interest" at issue here is not one that would serve as a legitimate basis for denying plaintiff's request to remain anonymous. The identity of the plaintiff would by and large be rooted primarily in the underlying salacious themes suggested by the nature of the accusations involved.

13. There is no unusually strong interest ordinarily identified as such that would compel revealing plaintiff's identity. The issues raised by plaintiff himself in his complaint, along with identities of the persons and entities against whom he brings the actions set forth, fully inform the public of the nature and import of the issues involved in this matter.

14. Plaintiff cannot foresee any legitimate basis for opposition to his request from defendants.

15. Plaintiff believes that the opposition to the pseudonymous filing as to the public or press would in significant part motivated largely by factors related largely to the perpetuation of spectacle that would overbear themes relating to protections afforded to falsely accused individuals by the Bill of Rights.

16. Plaintiff should not have to withstand such publicity in order to vindicate his constitutional right to preserve his personal privacy and freedom of movement, rights that are at the core of this action.

WHEREFORE, Plaintiff requests that this Court grant Plaintiff leave to file the Complaint in the instant action anonymously and proceed hereafter anonymously as "John Doe" limiting access to his actual identity to the Court and defendants only.

RESPECTFULLY SUBMITTED,

SCHROM, SHAFFER & BOTEL

/s/  Gerard K. Schrom (GKS2134)
Gerard K. Schrom, Esquire
PA Attorney I.D.: 39282

/s/  Neil E. Botel (NEB0703)
Neil E. Botel, Esquire
PA Attorney I.D.:84953

Attorneys for Plaintiff,
John Doe
Address: 4 West Front Street
Media, Pennsylvania 19063
610-565-5050 (Phone)
610-565-2980 (Fax)

Date:  May 14, 2010