IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | : | CIVIL ACTION |
| | : | |
| v. | : | No. 10-1008 |
| | : | |
| THOMAS MEGLESS, et al. | : | |
| | : | |

**MEMORANDUM**

**Juan R. Sánchez, J.**                                                                                         **August 5, 2010**

Plaintiff John Doe asks this Court to permit him to proceed anonymously as he pursues his 42 U.S.C. § 1983 claims against Defendants Upper Merion Township (UMT), the UMT Area School District, the UMT Board of Directors, UMT School Safety Director Thomas Megless, and UMT Police Chief Ronald M. Fonock. Defendants contend this Court should deny Plaintiff's motion, arguing his case does not fall within one of the exceptional circumstances in which courts permit litigants to remain anonymous. For the following reasons, Plaintiff's motion will be denied.

**FACTS**

In March 2008, Defendants Megless and Fonock sent an email with an attached flyer to a number of public officials and private citizens in Upper Merion Township to alert them about a "suspicious person." The attached flyer identified Plaintiff and read in full: "Extra Patrols Around Schools, Suspicious Person [John Doe] has been known to hang around schools in Upper Merion and other townships. He has not approached any kids to this point. [John Doe's] mental status is unknown. If seen, stop and investigate." Pl.'s Compl. ¶ 13. The flyer included a picture of Plaintiff, his name, address, date of birth, and driver's license number, and his vehicle make, model, and license plate number. On April 1, 2008, Plaintiff's sibling alerted him to the flyer. On May 17,

2010, Plaintiff filed claims pursuant to 42 U.S.C. § 1983, alleging deprivation of his freedom of movement; illegal seizure of his department of motor vehicles information; invasion of privacy; conspiracy; and failure to train, supervise and discipline agens. He seeks declaratory and injunctive relief, as well as compensatory and punitive damages.

**DISCUSSION**

Plaintiff moves to proceed anonymously, arguing he will face further stigmatization if his identity is revealed in this lawsuit. Plaintiff asserts because the flyer tacitly calls him a pedophile, his reputation will be damaged if he is forced to reveal his name. Plaintiff contends granting this motion supports public policy, because the public has an interest in protecting people when government officials falsely accused them of committing heinous crimes or having the capacity to commit such crimes. Plaintiff asserts he will not pursue his claim if he cannot proceed anonymously.

Defendants oppose Plaintiff's motion, arguing the public has a right to know who is accusing public officials of unconstitutional acts. They contend anonymity in this case has already been nullified, because countless individuals saw the flyer and are aware of Plaintiff's identity. Defendants further argue they did not label Doe as a pedophile because the flyer only referred to him as "suspicious." They assert Plaintiff gave any such label to himself through his court filings. Defendants contend there is nothing exceptional in Plaintiff's claim to warrant psuedonymity and to support removal of the transparency required in cases involving public officials.

Lawsuits are inherently public events. *See Doe v. Morrisville*, 130 F.R.D. 612, 614 (E.D. Pa. 1990) ("[L]awsuits are public events and the public has a legitimate interest in knowing the pertinent facts, including the true names of the parties."). The Federal Rules of Civil Procedure require litigants provide the names of all parties. Fed. R. Civ. P. 10(a); *Morrisville*, 130 F.R.D. at 614. The

2

public has a presumptive right to open judicial proceedings, and this right is not taken lightly. *Doe v. Kamehameha Sch./Bernice Pauahi Bishop Estate*, 596 F.3d 1036, 1043 (9th Cir. 2010); *see also Doe v. Provident Life and Accident Ins. Co.*, 176 F.R.D. 464, 465 (E.D. Pa. 1997) ("This Court recognizes the strong public interest militating against pseudonymity — the public right of access to civil judicial records, and proceedings."). A plaintiff's use of a pseudonym "runs afoul of the public's common law right of access to judicial proceedings." *Does I Thru XXIII v. Advanced Textile Corp.*, 214 F.3d 1058, 1067 (9th Cir. 2000).

A court may allow a party to proceed anonymously in exceptional cases. *Morrisville*, 130 F.R.D at 614 ("Under special circumstances . . . courts have allowed parties to use fictitious names, particularly where necessary to protect privacy."). Anonymity may be warranted if a case involves highly sensitive or personal matters, or if there is a concrete risk of injury to the plaintiff by disclosure. *M. M. v. Zavaras*, 139 F.3d 798, 803 (10th Cir. 1998). To proceed anonymously, a plaintiff must show "both a fear of severe harm, and that the fear of severe harm is reasonable." *Kamehameha Sch.*, 596 F.3d at 1043. The risk a plaintiff may suffer some embarrassment is not enough. *Morrisville*, 130 F.R.D. at 614; *see also Rose v. Beaumont Indep. Sch. Dist.*, 240 F.R.D. 264, 266 (E. D. Tex. 2007) ("The fact that a party may suffer some personal embarrassment or humiliation, standing alone, is insufficient to justify the use of a pseudonym.").

A district court has broad discretion to decide whether to permit a plaintiff to proceed anonymously. *Doe v. C.A.R.S. Protection Plan, Inc.*, 527 F.3d 358, 371 n.2 (3d Cir. 2008). In making this determination, "the public's right of access [to the court] should prevail unless the party requesting pseudonymity demonstrates that [his] interests in privacy or security justify

3

pseudonymity." *Doe v. Evans*, 202 F.R.D. 173, 175 (E.D. Pa. 2001).[1]

A district court considers a number of non-exclusive factors when deciding whether to grant a party anonymity. *Evans*, 202 F.R.D. at 175. Factors in favor of anonymity include: (1) the extent litigant has kept his identity confidential; (2) the reason for anonymity; (3) if there is public interest in favor of anonymity; (4) if the case is fact sensitive or purely of a legal nature; (5) whether the litigant will pursue his claim if he cannot proceed anonymously; and (6) if the party opposing anonymity has illegitimate ulterior motives. *Id.* at 175-76. Factors against anonymity include: (1) the general level of public interest in the case; (2) if there is a higher level of public interest in the trial because of the subject matter involved or the public status of a litigant; and (3) if the party seeking anonymity has an ulterior motive. *Id.*

The first factor requires this Court to examine the extent of anonymity existing both before and after the complaint is filed. *Provident*, 176 F.R.D. at 468. A court is more likely to grant pseudonymity if a party's anonymity has been preserved. *See id.* (allowing the plaintiff to proceed anonymously because he had only revealed his identity to his counsel, his immediate family, and his medical providers and requested his identity be concealed from the defendant); *see also F. B. v. E. Stroudsburg Univ.*, No. 09-525, 2009 WL 2003363, at *3 (M.D. Pa. July 7, 2009) (weighing this

---

[1] The Third Circuit has not addressed the standard for granting anonymity, but other circuits conduct a balancing test weighing the public interest in open proceedings against a litigant's personal privacy and security. *See Roe v. Aware Woman Ctr. for Choice, Inc.*, 253 F.3d 678, 685 (11th Cir. 2001) ("The ultimate test for permitting a plaintiff to proceed anonymously is whether the plaintiff has a substantial privacy right which outweighs the customary and constitutionally embedded presumption of openness in judicial proceedings.") (citation, punctuation, and internal quotation marks omitted); *Does I Thru XXIII*, 214 F.3d at 1068 ("[We] hold that a party may preserve his or her anonymity in judicial proceedings in special circumstances when the party's need for anonymity outweighs prejudice to the opposing party and the public's interest in knowing the party's identity.").

4

factor in favor of the plaintiff because, although the defendants knew the plaintiff's identity, the plaintiff had not told her close family and friends about her pending suit). Here, although Defendants know Plaintiff's identity, Plaintiff contends he has not revealed his identity to anyone other than his attorney. The flyer which forms the basis of Plaintiff's complaint, however, reveals his identity to the public. It was sent to many Upper Merion residents, and countless people in the community viewed it. Even if Plaintiff's claim proceeded using the flyer in redacted form, Defendants assert the mere description of the events in this litigation will reveal the identity of Plaintiff. This Court recognizes the steps Plaintiff has taken to maintain confidentiality, but the flyer which forms the basis of his complaint makes this factor weigh against him.

The second factor requires this Court to consider the basis for Plaintiff's requested anonymity. In *Provident,* the plaintiff requested anonymity to prevent disclosure of his mental illness. 176 F.R.D. at 465. The *Provident* court acknowledged the social stigma associated with mental illness and held the plaintiff's fear of stigmatization was reasonable because "the plaintiff may [ ] suffer irreparable harm to his professional reputation [from disclosure]." *Id.* Here, Plaintiff has not demonstrated he would suffer irreparable harm or a specific injury if his identity is disclosed. While there are social stigmas attached to pedophilic behavior, whether Plaintiff is a pedophile is not at issue here. Instead, the question is whether Defendants can be liable for distributing a flyer stating Plaintiff was acting suspiciously in the vicinity of schools. This case is also distinguishable because unlike the plaintiff in *Provident*, whose mental health history was unknown to his friends, colleagues, and community, many people in Plaintiff's community have seen the flyer. The second factor does not weigh strongly in Plaintiff's favor, because, although there are social stigmas associated with pedophilia which could warrant anonymity, Plaintiff did not demonstrate he will be

5

further stigmatized if he is denied anonymity.

The third factor asks this Court to consider whether the public interest supports anonymity. Public interest supports anonymity when denying pseudonymity would deter other similarly situated plaintiffs from bringing suit. *See Provident*, 176 F.R.D. at 468 ("[D]enying plaintiff the use of a pseudonym may deter other people who are suffering from mental illnesses from suing . . . merely because they fear that they will be stigmatized in their community if they are forced to bring suit under their true identity."). This Court has seen no evidence to show disclosing Plaintiff's identity will prevent other similarly situated plaintiffs from bringing suit. This Court knows of no other such lawsuits, and Plaintiff has not suggested falsely created "suspicious persons" alerts are a widespread problem in Upper Merion. This factor, therefore, weighs against anonymity.

For the fourth factor, this Court must examine how specific issues in this case could affect public interest. *E. Stroudsburg Univ.*, 2009 WL 2003363, at *3. If a case is fact-sensitive, "the public has more of an interest in knowing who makes [the] allegations than in a case where purely legal issues are involved." *Id*. This case is fact-sensitive because Plaintiff alleges Defendants illegally seized his department of motor vehicle data and prevented his freedom of movement in the community. While legal issues are involved, this factor does not weigh in Plaintiff's favor.

Under the fifth factor, this Court must ask whether Plaintiff will pursue the case if he is denied anonymity. *Id.* In *Provident*, after the plaintiff indicated he would drop his disability case if he could not proceed anonymously, the court held it was important to allow the plaintiff an opportunity to pursue his action against an insurance company because if he did not, the "state and/or federal government may be required to support the [plaintiff] financially through its welfare programs." *Id.* at 468-69. Here, Plaintiff stated he will not pursue his claim without a pseudonym.

6

Pl.'s Reply at 8. Plaintiff argues his case should proceed anonymously because he alleges abuse of power by public officials and the failure to address his claims is a disservice to the public. Plaintiff's argument has merit, assuming this court accepts Plaintiff's self-serving statement that he will terminate his claim if his identity is disclosed. *See Doe v. Hartford Life and Accident Ins. Co.*, 237 F.R.D. 545, 550 (D.N.J. 2006) (holding a dropped case because of the denial of anonymity, "would preclude the adjudication of a possibly meritorious claim that is ripe and ready for judicial review and frustrate the goal of judicial economy since future litigation will be wasted on an issue that is presently ready for adjudication."). While the outcome of this litigation will not harm the public or drain public funds, it may implicate issues of privacy and public safety. Although this argument weighs in favor of the Plaintiff, it does not, on its own, outweigh the other factors.

This Court must also examine whether the parties have illegitimate ulterior motives for seeking or blocking anonymity. Illegitimate motives seek to give one party a tactical advantage and include the desire to impair a defendant's ability to defend himself, delay the litigation, or increase costs to the opposing party. *Provident*, 176 F.R.D. at 469. Neither party demonstrated the other has illegitimate ulterior motives, so these factors do not impact this Court's decision.

Finally, this Court must examine the level of public interest in the case. *Provident*, 176 F.R.D. at 468. Public interest increases when public officials and municipalities are parties in a lawsuit. *See id.* at 469 (holding when a public figure is involved, the public interest in a case is "stronger than the public interest that normally obtains in a civil action."). Here, public interest in the suit is heightened because Defendants are public officials and government bodies, and thus, these factors support disclosure.

After weighing the factors, this Court holds Plaintiff has not proven his private interest in

anonymity outweighs the public's interest in open judicial proceedings.  Accordingly, Plaintiff's motion to proceed anonymously is denied.

An appropriate order follows.