IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| JOHN DOE | ) | |
| | ) | CIV. NO.. 2:10-cv-01008 |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | |
| THOMAS MEGLESS, et al. | ) | |
| | ) | JURY TRIAL DEMANDED |
| Defendants. | ) | |

**<u>PLAINTIFF, JOHN DOE'S, MEMORANDUM OF LAW IN RESPONSE TO DEFENDANTS' JOINT MOTION TO DISMISS PLAINTIFF'S AMENDED COMPLAINT</u>**

COMES NOW, Plaintiff, John Doe, by and through his attorneys of record and submits the following Memorandum of Law in response to Defendants' Joint Motion to Dismiss Plaintiff's Amended Complaint as follows:

**<u>STATEMENT</u>**

In an unnecessarily heavy-handed fashion, defendants have jointly asked for dismissal of this matter. On August 13, 2010, the parties in joint telephonic conference with the Court agreed to proceed forward, with the Court's approval, to position the case for appeal of the issue of plaintiff's request to proceed anonymously to the Third Circuit Court of Appeals. See, Court's Order for Conference (Docket No. 32). A Minute Entry filed by the Court recording that a conference was held on August 13, 2010. (Docket No. 34). During that conference, after at least two separate ideas for moving the case into an appellate posture were discussed by counsel involving plaintiff's Motion to Proceed Anonymously and two pending defense motions to dismiss, the Court determined that it would enter an order

mandating that plaintiff refile the Amended Complaint substituting his anonymous designation with his real name within a specified period of time, that plaintiff would decline to do so; and that defendants would subsequently move based upon the Court's mandate to have the Court dismiss the plaintiff's cause.  This rather simple solution was roundly approved and verbally stipulated during that conference. The Court subsequently entered an Order mandating plaintiff's refiling the Amended Complaint under his real name.  (Docket No. 33).

      Now, in their motion to dismiss following the Court's August 13, 2010 Order directing plaintiff to refile by August 20, 2010, defendants submit their request for dismissal in language which berates plaintiff for his persistence in failing to come into conformity with that Order as if he were doing so with some willful and disrespectful intent. See, Docket No. 35-1 (Defendants' Brief in Support of Motion to Dismiss at 4, Paragraph 1).  This rhetorical demonstration is, in plaintiff's view, an inappropriate response to plaintiff's previously openly disclosed decision to refrain from shedding his anonymity and his reasons for doing so, and appears to disregard by its tone the parties' stipulated agreement concerning the manner in which this issue would proceed to appeal.  Defendants have also taken advantage of the opportunity to move for dismissal to untimely raise an issue not presented in their oppositions to the original motion to proceed anonymously: that is, the alleged failure of plaintiff to request permission to proceed anonymously in a timely fashion by failing to make his motion *prior* to the filing of his complaint. Id. at Paragraph 4.  In answer to this argument, it is briefly averred that under the Fed. Rule Civ. Pro. 3, an action is commenced by the filing of a complaint, not a request to file one.  Plaintiff determined that it was best to follow the rules rather than create one of his own. Plaintiff thus initially declared his intent to proceed

anonymously at the outset of this litigation upon motion filed prior to the time defendants filed pleadings or dispositive motions of their own.

It is recognized both by the Court and the parties that the Third Circuit Court of Appeals has not set forth any test enumerating the factors which constitute a sufficient showing by a petitioner claiming recourse to anonymity to proceed in that manner.  See, Docket No.30 (Memorandum Opinion of the Court, at  4, fn.1)(Memorandum of Law in Opposition to Motion to Proceed Anonymously, Docket No. 15 at 5).  In the absence of any such standard, it has been the practice in the district courts of this Circuit to apply a test adopted, although not exclusively, by other circuit courts of appeal, in this case the Eleventh Circuit. Memorandum Opinion at 4. (citation omitted).  That test includes a factor querying whether the plaintiff requesting anonymity has declared his intent to refrain from moving forward, even upon the prospect of dismissal of the action, unless his anonymity will be protected by order of the Court. Id.   While such a declaration may be perceived to be self-serving, it is by now clear that plaintiff's statement was an accurate representation of his intent, and that in any case his declaration whether viewed as self-serving or not, is one that has factored into the ultimate disposition of his request.  Id. at 6.  Thus, defendants' unnecessarily strident response to a procedure upon which it was agreed would easily move this case into an appellate posture is, in plaintiff's view, inappropriate given that understanding and the legal principles which motivated his actions in this matter.

Accordingly, plaintiff opposes defendant's motion to dismiss this case. Plaintiff believes that he is acting in conformity with the understanding reached with defense counsel and with approval of the Court by withholding amendment of his complaint for the purpose of seeking a determination at the appellate level of the merits of his motion and not in any

manner intentionally and willfully flouting an Order of this Court.  To the extent that defendants interpose additional argument past the disposition anticipated by the parties, plaintiff considers the defendants' arguments inapposite, irrelevant and a misrepresentation of plaintiff's reasons for proceeding as he now does.

WHEREFORE, Plaintiff, John Doe requests that this Court deny plaintiff's motion in the form presented.

                                         RESPECTFULLY SUBMITTED,

                                         SCHROM, SHAFFER & BOTEL

/s/  Gerard K. Schrom (GKS2134)
Gerard K. Schrom, Esquire
PA Attorney I.D.: 39282

/s/  Neil E. Botel (NEB0703)
Neil E. Botel, Esquire
PA Attorney I.D.:84953

Attorneys for Plaintiff,
John Doe
Address: 4 West Front Street
Media, Pennsylvania 19063
610-565-5050 (Phone)
610-565-2980 (Fax)

Date:  August 25, 2010